UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATHANIEL D. DEBOLES and MARY DEBOLES,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, et al.,<br><br>Defendants | 2:11-CV-276 JCM (CWH) |

**ORDER**

Presently before the court is defendant National Railroad Passenger Corporation's motion for summary judgment. (Doc. #22). Plaintiffs Nathaniel D. Deboles and Mary Deboles filed an opposition. (Doc. #30). Defendant then filed a reply. (Doc. #35).

This suit arises from a train accident in 2008. During a trip from Nevada to Arkansas, Mr. Deboles was caught in a snowstorm in New Mexico. Mr. Deboles left his car and climbed over an elevated embankment of railroad tracks to relieve himself out of sight of traffic. While returning to his car, he was struck by an Amtrak passenger train. Mr. Deboles suffered significant injuries as a result of the accident, including a mangled hand, a stroke, fractured facial bones, and memory loss.

Plaintiffs filed their complaint in the District of Nevada on February 18, 2011, a little more than two years after the accident. (Doc. #1). Defendant now moves for summary judgment, arguing that Nevada's two-year statute of limitations bars plaintiffs' claims. (Doc. #22).

**James C. Mahan**
**U.S. District Judge**

     Plaintiffs oppose the motion, arguing that their claims are not barred under either Nevada or New Mexico's statute of limitations. (Doc. #30). Plaintiffs first argue that New Mexico's three-year statute of limitations is applicable in this case. Alternatively, plaintiffs assert that their claims are viable under Nevada's two-year statute of limitations because the limitations period did not begin to run until plaintiffs discovered or reasonably should have discovered the facts supporting the cause of action. (Doc. #30).

     The dispositive issue in this motion for summary judgment is whether, under Nevada's choice of law rules, the case is governed by New Mexico's three-year statute of limitations or Nevada's two-year statute of limitations.

## **Summary Judgment Standard**

     Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56(c); *see also Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 630 (9th Cir.1987). The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.*, 475 U.S. at 586; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

     The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (expressing the standard for authentication of evidence on a motion for summary judgment). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324; FED. R. CIV. P. 56(c).

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

**Choice of Law**

The court applies "state substantive law to state law claims, including the forum state's choice of law rules." *Love v. Assoc. Newspapers, Ltd.*, 611 F.3d 601, 610 (9th Cir. 2010). Nevada applies the "most significant relationship test" from the Restatement (Second) of Conflict of Laws § 145 to decide choice of law issues in tort actions, "unless another, more specific section of the Second Restatement applies to the particular tort." *Gen. Motors Corp. v. Eighth Judicial Dist. Ct. of State of Nev. ex. rel. County of Clark*, 122 Nev. 466, 474 (2006).

Section 146 of the Second Restatement states that in a personal injury action, the rights and liabilities of the parties are governed by the "local law of the state where the injury occurred" unless "some other state has a more significant relationship to the occurrence under the principles stated in § 6" of the Second Restatement. Restatement (Second) of Conflict of Laws § 146; *see also Gen. Motors Corp.*, 122 Nev. at 475.

In turn, § 6 of the Second Restatement provides that the factors relevant to the choice of the applicable rule of law include:

(a)  the needs of the interstate and international systems,

(b)  the relevant policies of the forum,

(c)  the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d)  the protection of justified expectations,

(e)  the basic policies underlying the particular field of law,

(f)  certainty, predictability and uniformity of result, and

(g)  ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6.

Finally, the court takes into account the following contacts in applying the principles of § 6:

(a)  the place where the injury occurred,

(b)  the place where the conduct causing the injury occurred,

(c)  the domicil, residence, nationality, place of incorporation and place of business of the

1            parties, and

2        (d)     the place where the relationship, if any, between the parties is centered.

3 Restatement (Second) of Conflict of Laws § 145(2).

4        In the motion for summary judgment, defendant argues that Nevada is the state with the most

5 significant relationship to the accident because: (1) plaintiffs are domiciled in Nevada, (2) plaintiffs

6 filed their suit in Nevada, (3) Mr. Deboles underwent multiple surgeries and continues to receive

7 medical care in Nevada, (4) Mr. Deboles suffered all of his financial harms in Nevada, and (5)

8 plaintiffs' marital relationship is maintained in Nevada. (Doc. #22).

9        Plaintiffs, citing to § 146 of the Restatement, first note that this accident occurred in New

10 Mexico, so the court should presumptively apply New Mexico's statute of limitation unless another

11 state has a more significant relationship. (Doc. #30). Plaintiffs also assert that "most of the other

12 contacts to be taken into consideration in applying the principles of § 6" demonstrate that New

13 Mexico has the most significant relationship to the accident. (Doc. #30). New Mexico is the domicil

14 and residence of the two engineers who were driving the train. Defendant's activities are more

15 continuous and systematic in New Mexico than in Nevada because defendant maintains a major train

16 hub in Albuquerque. Finally, although Mr. Deboles got much of his medical care in Nevada, he

17 received the most important medical care – the care he received for weeks following the accident –

18 in New Mexico. (Doc. #30).

19        After consideration of the factors and principles in the Restatement (Second) of Conflict of

20 Laws §§ 6, 145, and 146, the court finds that New Mexico bears the most significant relationship to

21 the accident. There is no dispute that both the accident and the conduct giving rise to the injury

22 occurred in New Mexico. *See* Restatement (Second) of Conflict of Laws §§ 145(2)(a)-(b) and 146;

23 *see also Gen. Motors Corp.*, 122 Nev. at 475 (stating that the "general rule in section 146 requires

24 the court to apply the law of the state where the injury took place"). Additionally, while plaintiffs

25 are domiciled in Nevada, defendant's ties to New Mexico are more continuous and systematic than

26 to Nevada due to defendant's major train hub in Albuquerque. Restatement (Second) of Conflict of

27 Laws § 145(2)(c). Finally, New Mexico has an interest in applying its tort rules to an accident

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

occurring in New Mexico and involving defendant because of defendant's substantial presence in New Mexico. *Gen. Motors Corp.*, 122 Nev. at 475 (finding that "the crux on which an informed decision rests its reasoning" is the "content of and policies behind the forum and nonforum state's competing internal laws") (internal citations omitted).

New Mexico bears the most significant relationship to the accident. Therefore, under Nevada's choice of law rules, this court must apply New Mexico's three-year statute of limitations. NM Stat. Ann. 37-1-8. Plaintiffs brought this case within three years of the injury.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant National Railroad Passenger Corporation's motion for summary judgment (doc. #22) be, and the same hereby is, DENIED.

DATED February 24, 2012.

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 5 -