# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NATHANIEL D. DEBOLES, *et al.*,

      Plaintiffs,

vs.

THE NATIONAL RAILROAD PASSENGER CORPORATION, *et al.*,

      Defendants.

Case No.  2:11-cv-00276-JCM-CWH

**ORDER**

This matter is before the Court on Plaintiffs' Motion to Disqualify Counsel (#45), filed on January 26, 2012.  Defendants responded to this motion on February 13, 2012 (#50), and Plaintiffs replied on February 23, 2012 (#53).  The Court conducted a hearing on March 22, 2012.

## BACKGROUND

Plaintiffs Nathaniel Deboles and Mary Deboles instigated this case on February 18, 2011 against the National Railroad Passenger Corporation (d/b/a "Amtrak") and BNSF Railroad Company ("BNSF").  Plaintiffs allege that Mr. Deboles sustained injuries after being struck by a train operated by Amtrak.  Plaintiffs brought claims against Amtrak for negligence in operating premises in violation of state law.

Plaintiffs subsequently discovered that BNSF owned the railroad tracks and right of way where the accident occurred and amended their complaint to include the company as a defendant.  Plaintiffs asserted the same claims against BNSF and Amtrak.[1]

Defendant Amtrak filed its answer on March 22, 2011.  Attorneys from the law firm of Fennemore Craig appeared on Amtrak's behalf.  Amtrak included the following affirmative defense:

---

[1] Ms. Deboles further asserted claims against both Defendants for loss of household services and loss of spousal consortium.

> If Plaintiffs have accrued or sustained any loss, damage, or injury, which Amtrak explicitly denies, said injuries, losses, or damages, if any, were contributed to and/or caused, in whole or in part, by the carelessness or negligence of persons, corporations, or entities other than Amtrak and beyond the control of Amtrak.

*See Answer to Amended Complaint* (#39) at 7.

BNSF filed its answer on January 6, 2012. BNSF is represented by the same attorneys and firm as Defendant Amtrak. BNSF included the same affirmative defense quoted *supra* that was asserted by Amtrak.

Plaintiffs filed the instant motion alleging the Defense counsel for Amtrak and BNSF has an apparent conflict of interest in representing both co-Defendants.

## DISCUSSION

### A. Plaintiff's Motion to Disqualify Counsel

"As a general rule, only former and current clients have standing to bring a motion to disqualify counsel on the basis of conflict of interest." *United States v. Walker River Irrigation Dist.*, No. 3:73-CV-127-ECR (RAM), 2006 U.S. Dist. LEXIS 95342, at *19 (D. Nev. Mar. 10, 2006) (citations omitted). "Non client standing to move to the disqualification of an attorney exists only if there is an 'ethical breach [that] so infects the litigation . . . that ii impacts the moving party's interest in a just and lawful determination of [the] claims. . . .'" *Id*. at *26 (quoting *Colyer v. Smith*, 50 F. Supp. 2d 966, 971 (C.D. Cal. 1999)). "Disqualification is a drastic measure which courts should hesitate to impose except when absolutely necessary because it takes away one party's ability to chose his own representation, and it is often a tactic used to create delay or harassment." *Id*. at *17 (citations and internal quotations omitted). The burden rests on Plaintiffs to prove that standings exists. *Id*. (citing *Colyer*, 50 F. Supp. 2d at 968).

#### 1. Ethical Breach

Plaintiffs argue that they have asserted completely different claims against Amtrak and BNSF and as such, defense counsel is precluded from representing both Defendants. In support, Plaintiffs rely on Nevada Rule of Professional Conduct ("NRPC") 1.7, which "imposes a duty of loyalty on lawyers that prohibits representation of more than one client if the 'representation involves a concurrent conflict of interest or a significant risk that the dual representation will materially limit the lawyer's ability to

represent one or both clients.'" *Ryan v. Dist. Ct.*, 168 P.3d 703, 710 (Nev. 2007) (interpreting the scope of NRPC 1.7).[2]

Plaintiffs allege that defense counsel have breached their duties of loyalty, communication, and confidentiality by jointly representing Amtrak and BNSF.  Specifically, Plaintiffs argue that the current representation will results in a lack of confidentiality regarding communications between counsel and each client.  Plaintiffs also assert that defense counsel will have difficulty adequately and diligently representing the interests of both defendants.  Plaintiffs conclude that settlement will be impeded by joint representation, which is contrary to public policy.

"Courts 'must assume that an attorney will observe his responsibilities to the legal system, as well as to his client[,]' unless there is evidence to the contrary." *Walker River*, 2006 U.S. Dist. LEXIS 95342, at *23 (citations omitted).  The only evidence submitted by Plaintiffs in support of a conflict of interest are Defendants' answers that are signed by the same attorneys which assert the same affirmative defense.  The affirmative defenses, which allege that Plaintiff's injury was caused by a person other than defendant, do not necessarily require that Amtrak and BNSF will blame one another.  Rather, the injury could have been caused by an unnamed third party.  While Plaintiffs assert that the claims against Amtrak and BNSF are completely different, in fact, the claims are both based on premises liability.

Further, there is no evidence to even suggest that defense counsel is unfairly taking advantage of client confidences or communications.  Defendants have presented a declaration from Attorney William Thorpe stating that "Amtrak and BNSF have conferred and agreed that Fennemore Craig will represent both entities in defending against the claims asserted against them by Plaintiffs in this case."  *See* Defendant's Response to Plaintiff's Motion to Disqualify (#50), at Exh. A.  In addition, Defense counsel has represented that Amtrak has entered into an indemnification agreement with BNSF wherein Amtrak will cover any portion of fault that is attributable to BNSF.  This agreement eliminates any possibility that the two companies' interests might diverge, as Amtrak will ultimately be responsible for the liability of both Defendants, if any, and would gain no advantage by blaming BNSF.

Plaintiffs argue that Defendants' declaration does not state that defense counsel explained the

---

[2] NRPC Rule 1.7 is identical to ABA Model Rule 1.7.

conflict to both its clients and obtained their knowing and voluntary waivers in writing.  NRPC 1.7 requires that written informed consent is necessary to represent clients notwithstanding the existence of a concurrent conflict of interest.  The Court does not find, however, that a concurrent conflict of interest exists since representation of Defendants will not be materially limited by the lawyers' responsibilities to each client.

There is no evidence to suggest that defense counsel have breached any ethical duty by representing both defendants.  Plaintiffs allegations are instead based upon speculation, and the court does not find that joint representation of Amtrak and BNSF in this matter violates any ethical duty.

### 2. Impact to Plaintiffs

Assuming Plaintiffs were able to establish an ethical breach, this court would then utilize a two-step inquiry in determining the impact of such a breach to Plaintiffs.  "[T]he alleged injury to the non client movant must be '(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'" *Walker River*, 2006 U.S. Dist. LEXIS 95342, at *20 (quoting *Colyer*, 50 F. Supp. 2d at 973).

Plaintiffs contend that settlement in this case would be harmed by joint representation.  Plaintiffs state that Defense counsel would have difficulty assessing the comparative liability of its clients and be unable to make fair apportioned offers to Plaintiffs.  However, these allegations are purely speculative.

Regardless, Amtrak has entered into an indemnification agreement with BNSF and will pay the entire amount owed by Defendants, if any, as discussed *supra*.  Thus, any conflict that could exist between defendants regarding apportioning fault would be resolved, as Amtrak would ultimately be responsible for the entire amount regardless of the percentage owed by each defendant.

Plaintiffs further argue that joint representation adversely affects public policy and the public interest since settlement could be impeded.  While settlement is encouraged, this potential harm is again speculative with regard to its impact to Plaintiffs.  The threat of injury to Plaintiffs must instead be concrete and particularized, and actual or imminent.  Settlement negotiations have not commenced.  Even assuming that settlement discussion will occur, there is no evidence that Defendants will submit an unfair offer.  This is especially true given the fact that Amtrak has agreed to indemnify BNSF, thus

even if defense counsel somehow could not obtain the correct percentages of fault between the two defendants, Plaintiffs would still receive the entire amount owed to them from Amtrak.

Due to the lack of standing of Plaintiffs to bring this motion and a lack of evidence to overcome the presumption that defense counsel has not committed an ethical violation, the court finds that the law firm of Fennemore Craig is not disqualified to jointly represent Defendants.

**B. Defendants' Request for Sanctions**

Defendants request this court to use its inherent power to impose sanctions against Plaintiffs for bad faith in bringing their motion. "[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith. Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

Defendants request sanctions in the form of attorneys fees, arguing that Plaintiffs' motion is frivolous and its filing was an attempt to harass Defendants and drive a wedge between the entities. Further, Defendants note that Plaintiffs' counsel failed to notify Defendants of any concern prior to filing the instant motion.

Plaintiffs argue that the motion was not frivolous since they point out a potential ethical violation. Further, Plaintiffs contend that they filed the motion in order to rectify the conflict of interest, and not to harass. Plaintiffs' counsel believes that he had a duty to bring the motion under the Rules of Professional Conduct.

The Court finds that while Plaintiffs' motion has no merit, it was not designed to harass or delay litigation, but instead counsel for Plaintiffs brought the motion in good faith because he believed an ethical violation might have occurred. Therefore, sanctions under the court's inherent power are not warranted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Disqualify Counsel (#45) is **DENIED**.

DATED this 7th day of June, 2012.

1
2
3  _____
   **C.W. HOFFMAN, JR.**
4  **UNITED STATES MAGISTRATE JUDGE**
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28